**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|                                    |   |                                       |
|------------------------------------|---|---------------------------------------|
| **SAMUEL RICHARDSON, JR.,**        | : | Civil Action No. 18-16407 (ES) (CLW)  |
| Plaintiff,                         | : | OPINION                               |
| v.                                 | : |                                       |
| **NES GEORGIA INC-TRM, et al.,**   | : |                                       |
| Defendants.                        | : |                                       |

**SALAS, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Samuel Richardson, Jr.'s ("Plaintiff's"), application to proceed *in forma pauperis*. (D.E. No. 1-3). Plaintiff's application to proceed *in forma pauperis* is GRANTED, but Plaintiff's Complaint (D.E. No. 1 ("Compl.")) will be DISMISSED.

**I.   Background**

Defendant NES Georgia Inc-TRM, "a New Jersey business entity," and Defendant G.L.A. Collection Company, Incorporated, "a Kentucky business entity" ("G.L.A.") (collectively, "Defendants"), have "attempted to collect" debt from Plaintiff. (*See* Compl. ¶¶ 5, 6 & 12). The Complaint alleges that Defendants have attempted to collect that debt "[d]espite not being licensed or bonded within the state of New Jersey" in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), among other laws. (*See id.* ¶¶ 17 & 18).

As a result, the Complaint brings four claims:

- **Count I:** Violations of the FDCPA (*Id.* ¶¶ 19–24)

- **Count II:** Violations of New Jersey's Professional Services Corporation Act, N.J.S.A. § 14A: 17-1, *et seq.* (*Id.* ¶ 25).

- **Count III:** Violations of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.*, and the New Jersey Code of Criminal Justice, N.J.S.A. § 2C:21-19. (*Id.* ¶¶ 26–30).

- **Count IV:** Violations of the New Jersey Debt Adjustment & Credit Counseling Act," N.J.S.A. 17:16G-1, *et. seq.* (*Id.* ¶¶ 31–33).

"An analysis of the complaint under 28 U.S.C. § 1915(e)(2)(B)," however, "is appropriate only after a litigant is granted leave to proceed pursuant to the *in forma pauperis* statute." *Johnson v. Rothschild*, 741 F. App'x 52, 53–54 (3d Cir. 2018). Accordingly, the Court "addresse[s] the [*in forma pauperis*] motion before subjecting the complaint [and the counts listed above] to the screening provisions of the *in forma pauperis* statute." *See id.* at 54.

## II.  *In Forma Pauperis*

Plaintiff "indicated in h[is] motion" that he has income of $1517 per month; listed $11.91 when asked to "state any money you or your spouse have in bank accounts;" and identified over $3000 in "total monthly expenses." *See Johnson*, 741 F. App'x at 54; (D.E. No. 1-3 at 1–5). "A litigant need not be 'absolutely destitute' or contribute his or her 'last dollar' in order to qualify for *in forma pauperis* status." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Accordingly, Plaintiff "sufficiently establishes h[is] inability to pay, and the Court grants h[is] application to proceed *in forma pauperis* without prepayment of fees and costs." *See Barrett v. Staff Mgmt. Grp., LLC*, No. 18-14062, 2018 WL 5874089, at *1 (D.N.J. Nov. 9, 2018).

## III.  28 U.S.C. § 1915: Screening

### A. Legal Standards

"[W]hen a person proceeds *in forma pauperis*, the statute instructs the District Court to 'dismiss the case *at any time* if the court determines that . . . [the complaint] fails to state a claim on which relief may be granted.'" *Harris v. Bennett*, 746 F. App'x 91, 93 (3d Cir. 2018) (quoting

28 U.S.C. § 1915(e)(2)(B)(ii)). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). That standard is a familiar one: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face;'" but "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court, finally, "[i]s required to interpret the *pro se* complaint liberally . . . ." *See Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).

**B. Analysis**

Under Count I, Plaintiff asserts that Defendants "engaged in illegal collection of debts because" each is not "licensed . . . as a debt collector within New Jersey" and does not have "on file with the secretary of state sufficient bond." (*See* Compl. ¶¶ 20–21 (citing N.J.S.A. § 45:18-1)). That "unlicensed collection activity violated various provisions of the FDCPA," Plaintiff asserts. (*See id.* ¶ 20). More specifically, "Defendants['] conduct violated:"

- "15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, by way of written letter to force the Plaintiff . . . into paying the debt otherwise, the unpaid balance may be placed on your credit file" (*id.* ¶ 22);

- "15 U.S.C. § 1692e(2)(A) in that Defendants[] may not falsely represent 'the character, amount, or legal status of any debt'" (*id.* ¶ 23); and

- "15 U.S. C. § 1692e(5), which forbids a 'debt collector' to make any 'threat to take action

that cannot legally be taken'" (*id.* ¶ 24).

Plaintiff relies on a September 24, 2018 collection letter from G.L.A. in support of those assertions (*see* Compl. ¶ 21 (citing D.E. No. 1-1 at 4 (the "Collection Letter"))); and the Court will evaluate the Collection Letter "from the perspective of the least sophisticated debtor." *See McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 246 (3d Cir. 2014); *see generally, e.g.*, *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000) (discussing the "least sophisticated debtor" standard). The Court rules, however, that Plaintiff has failed to state a claim.

**1. 15 U.S.C. § 1692d**

15 U.S.C. § 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," and that such conduct includes in relevant part "[t]he use or threat of use of violence," "[t]he use of obscene or profane language," "[t]he publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency," "[t]he advertisement for sale of any debt to coerce payment," "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously," and "the placement of telephone calls without meaningful disclosure of the caller's identity." *Id.*

Plaintiff, however, "did not allege any facts in his complaint to support a violation of this Section." *See Szczurek v. Prof'l Mgmt. Inc.*, 627 F. App'x 57, 59 n.1 (3d Cir. 2015); *Konyo v. ARS Nat'l Servs., Inc.*, No. 16-2452, 2018 WL 1420494, at *3 (D.N.J. Mar. 22, 2018) (recognizing that the record "fail[ed] to reflect any factual support" regarding a § 1692d claim). And even though the Collection Letter states that an "unpaid balance may be placed on [Plaintiff's] credit file" (*see* Compl. ¶ 22), the Complaint does not contain any factual allegations supporting the inference that Defendants engaged in any of the kind of "harassment or abuse" contemplated by 15 U.S.C. §

1692d.  *See Gross v. Maitlin*, 519 F. App'x 749, 751 (3d Cir. 2013); *Rhein v. Forster, Garbus & Garbus, LLP*, No. 16-8555, 2018 WL 4639194, at *2 (D.N.J. Sept. 27, 2018) (rejecting a claim based on the statement, "This settlement may have tax consequences," under § 1692d).

Accordingly, Plaintiff's assertion "that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff" (*see id.* ¶ 22), is simply an "unadorned, the-defendant-unlawfully-harmed-me accusation" that cannot survive a motion to dismiss.  *See, e.g.*, *Iqbal*, 556 U.S. at 678.

### 2. 15 U.S. C. § 1692e(2)(A)

15 U.S. C. § 1692e(2)(A) provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and that such conduct includes "[t]he false representation of . . . the character, amount, or legal status of any debt."  *Id.*  Plaintiff, however, has not identified any *false representation* made by Plaintiff with respect to the "*character, amount, or legal status*" of the disputed debt.  *See* 15 U.S. C. § 1692e(2)(A) (emphasis added).  For instance, Plaintiff has not alleged that Defendants have "false[ly] represent[ed]" fee amounts, *see Glover v. Wells Fargo Home Mortg.*, 629 F. App'x 331, 343 (3d Cir. 2015);  falsely "represent[ed] *estimates* of the amount that [he] would ultimately owe as the *actual* amount owed," *see Jensen v. Pressler & Pressler*, 791 F.3d 413, 421–22 (3d Cir. 2015) (emphasis added); or demanded a convenience fee "without authority to collect" one, *see Thomas v. John A. Youderian Jr., LLC*, 232 F. Supp. 3d 656, 678 (D.N.J. 2017).

Accordingly, Plaintiff's allegation that "Defendants conduct violated 15 U.S.C. § 1692e(2)(A) in that Defendants[] may not falsely represent 'the character, amount, or legal status of any debt'" (id. ¶ 23) is "unsupported by other facts" and hence "nothing more than a conclusory statement" or a "[t]hreadbare recital[] of the elements of a cause of action."  *See, e.g.*, *Wells Fargo*

*Bank, N.A. v. Bertea*, No. 13-7232, 2014 WL 1883702, at *2 (D.N.J. May 12, 2014) (quoting *Iqbal*, 556 U.S. at 678).

### 3. 15 U.S. C. § 1692e(5)

15 U.S. C. § 1692e(5) provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," and that such a representation includes "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."

Here, the Complaint does not contain any factual allegations supporting the inference that Defendants threatened to take any action that cannot legally be taken or that they did not intend to take. *See id.* For instance, the Collection Letter, which says nothing about any legal action (*see* D.E. No. 1-1 at 4), "would not lead the least sophisticated consumer to believe that a lawsuit was being threatened." *See Powell v. Aldous & Assocs., P.L.L.C.*, No. 18-1461, 2019 WL 364299, at *3 (3d Cir. Jan. 29, 2019); *Daniels v. Solomon & Solomon P.C.*, No. 17-3017, 2018 WL 4354403, at *2 (3d Cir. Sept. 12, 2018) (rejecting the argument that a "letter violate[d] § 1692e(5)" because it included the language, "act now to resolve this problem!"). Nor would it suggest that Defendants have "falsely threaten[ed] to file suit." *See, e.g.*, *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 176 (3d Cir. 2015); (D.E. No. 1-1 at 4). And the only language in the Collection Letter that arguably threatens anything is: "A record of your unpaid balance may be placed on your credit file." (*See* D.E. No. 1-1 at 4; *see also* Compl. ¶ 22 (asserting that the proposition that an "the unpaid balance may be placed on [a] credit file" is tantamount to "harass[ment], oppress[ion], or abuse")). But Plaintiff provides no support for the proposition—and the Court has discerned none—that simply placing a record of an unpaid balance on a credit file is an "action that cannot legally be taken," or that Defendants did not intend to take it. *See* 15 U.S. C. § 1692e(5). The Collection "Letter is

[simply] a solicitation to pay, or perhaps an offer to settle;" and [e]ven the least sophisticated debtor would not plausibly read it as a threat to take any action." *See Thomas*, 232 F. Supp. 3d at 680.

Alternatively, Plaintiff asserts that Defendants "engaged in illegal collection of debts because" each is not "licensed . . . as a debt collector within New Jersey" and does not have "on file with the secretary of state sufficient bond . . . ." (*See id.* ¶¶ 20–21 (citing N.J.S.A. § 45:18-1)). Given the lack of licensing or bonding, Plaintiff asserts, Defendants' debt collection efforts are "*per se* violations of the FDCPA." (*See id.* ¶ 20). Hence Plaintiff contends, perhaps, that the debt collection effort *itself* is "[t]he threat to take any action that cannot legally be taken." *See* 15 U.S.C. § 1692e(5); *see also Sause*, 138 S. Ct. at 2563 (requiring the Court "to interpret [a] *pro se* complaint liberally").

But in *Ninouska Gomez v. Oxford Law, LLC*, the lower court ruled that a challenged debt collection communication "did not trigger liability under § 1692e(5) of the FDCPA because § 1692e(5) applies only to **threats** to take any action that cannot legally be taken or that is not intended to be taken, and *not to illegal acts themselves*." 657 F. App'x 141, 142 (3d Cir. 2016) (internal quotation marks omitted) (emphasis added). The Court of Appeals left that ruling undisturbed, and concluded that the plaintiff there "d[id] not explain how the [legal] violation she . . . alleged . . . [w]as an 'abusive, deceptive, and unfair debt collection practice[]' that the FDCPA is designed to remedy." *Id.* at 143 (quoting 15 U.S.C. § 1692(a)).

Similarly, here, Plaintiff has "not explain[ed] how" the bare failure to comply with New Jersey's bonding requirement (*see* Compl. ¶¶ 20–21 (citing N.J.S.A. § 45:18-1)) violates the FDCPA. *See Ninouska*, 657 F. App'x at 143. It is well established that a "state law violation itself is *not* a per se violation of the FDCPA." *See, e.g.*, *Skinner v. Asset Acceptance, LLC*, 876 F. Supp.

2d 473, 479 (D.N.J. 2012) (emphasis added).[1]  Therefore, "[t]hough Defendant[s'] attempt to collect a debt in New Jersey without filing the required bond may have been contrary to New Jersey law, [the] challenged conduct must *also* stand as a violation of the FDCPA in order for Plaintiff to maintain [his] claim." *See id.* (emphasis added).  Here, for the above reasons, that is not so.  *See id.*

### IV. Conclusion

Because the Court dismisses all claims over which it has original jurisdiction,[2] "it ha[s] the authority to decline to exercise supplemental jurisdiction" over the remaining claims.  *See Petrossian v. Cole*, 613 F. App'x 109, 112 (3d Cir. 2015); (*see generally* Compl. ¶¶ 25–33).  Here, in its discretion, the Court will decline to exercise supplemental jurisdiction.  *See, e.g.*, *Mathis v. Philadelphia Elec. Co.*, 644 F. App'x 113, 116 (3d Cir. 2016).

For the foregoing reasons, Plaintiff's request to proceed without prepayment of fees is GRANTED, but her Complaint is DISMISSED *without prejudice*, pursuant to 28 U.S.C. § 1915(e)(2).  **Plaintiff may file an amended complaint within 30 days of this Order, but failure to do so may result in the closing of this case or a dismissal *with prejudice*.**

An appropriate order accompanies this Opinion.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**

---

[1] Notably, there is not even a "private cause of action for [D]efendant[s'] failure to post the requisite bond with the New Jersey Secretary of State." *See Estate of Caruso v. Fin. Recoveries*, No. 15-7936, 2017 WL 2704088, at *8 (D.N.J. June 22, 2017).

[2] The Court lacks original jurisdiction over Plaintiff's remaining state-law claims because "[f]or diversity jurisdiction to lie, there must be 'complete diversity' amongst the parties;" and complete diversity "means that the plaintiff cannot be a citizen of the same state as any of the defendants." *See Fink v. Kirchner*, 731 F. App'x 157, 159 n.4 (3d Cir. 2018).  Here, both Plaintiff and Defendant NES Georgia Inc-TRM, "a New Jersey business entity," are citizens of New Jersey.  (*See* Compl. ¶¶ 4 & 5).